UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                                                Case No. 20-CR-120

DALE L. BAUWENS,

        Defendant.

## SENTENCING MEMORANDUM

Dale L. Bauwens, by counsel, hereby submits this sentencing memorandum. Counsel for Bauwens respectfully requests that the Court impose the mandatory minimum sentence of 60 months imprisonment. As grounds, counsel submits the following:

**I.    Procedural History**

On July 21, 2020, Bauwens was charged in an indictment with two counts of distribution of child pornography, both contrary to 18 U.S.C. §§ 2252A(a)(2)(A). Docket No. 1. On July 28, 2020, Bauwens was arrested at his home in Lake Havasu City, Arizona. On July 30, 2020, Bauwens made his initial

appearance in the District of Arizona. He was detained for several weeks but on August 14, 2020, he was released on a personal recognizance bond with mandatory conditions under the Adam Walsh Act including electronic monitoring. PSR ¶5.

On August 25, 2020, Bauwens made his initial appearance via Zoom video from Arizona and was arraigned in this Court. Docket No. 4. His bond and release conditions continued. *Id*. Bauwens has been compliant with his terms of bond. PSR ¶7. His conditions of release were later modified to allow him to move from Arizona to Arkansas to live with his mother, and also to remove the strange mandatory condition (imposed in Arizona) that he have weekly contact with his attorney. *Id*. On December 16, 2020, Bauwens entered a guilty plea to Count One pursuant to a written plea agreement. Docket Nos. 12, 13. Sentencing is scheduled for March 22, 2021.

## II. Nature and Circumstances of the Offense

This offense is not complicated and could stand as a model for a mine-run distribution/possession case. In short summary, a law enforcement initiative had access to internet chat groups about child pornography. Members of the chat group shared images of child pornography with each other and, importantly, with law enforcement in Winnebago County, Wisconsin. An administrative subpoena found Bauwens's IP address, which quickly led to his real-world address, which

quickly led to him. Bauwens sent the charged images in February and March of 2020, and on June 10, 2020, investigators served search warrants on Bauwens and his residence. Bauwens confessed to law enforcement about participating in the targeted internet chat group and to sending and receiving child pornography. A later forensic search of Bauwens's computer media found a total of five videos and 33 images.

### III. History and Characteristics of the Defendant

Dale Bauwens is 35 years old. He is the only child of his parents' relationship. He grew up in California and lived there until 2015. Bauwens then moved to Arizona and lived there for approximately five years until this offense. During his time on pretrial release, Bauwens moved from Arizona to his mother's home in Arkansas and has lived there since November 2020.

Bauwens's parents divorced when he was approximately five years old. He was raised primarily by his mother and stepfather. He related that his childhood was good, that his parents provided a safe and comfortable home, and that they supported him in his hobbies and school activities. Bauwens had occasional placement with his biological father, but that relationship ended when he was 16 and Bauwens has not had contact with his father since then.

In both the PSR and in a support letter, Bauwens's mother described him as helpful, hard-working, compassionate, and easy-going. His mother notes that Bauwens loves the outdoors and motorsports. She is, of course, in disbelief regarding the offense but still supports her son and will continue to do so. As noted above, Bauwens moved back in with his mother during the pendency of the case.

Bauwens has never been married and has no children. He has a long-term relationship with his girlfriend of approximately 12 years. She submitted a letter of support describing Bauwens's care and support for her during her long series of health problems.

As one might expect, Bauwens describes situational depression relating to his arrest and prosecution in this case. He has not sought treatment in the past and is not engaged in therapy at the present. Bauwens relates a small-time AODA history. He sporadically used marijuana while younger but has not done so since 2009. He has not used any other controlled substances. Bauwens had an operating while intoxicated in California in 2008, but has had no subsequent law enforcement contacts.

Bauwens graduated from high school in Santa Clarita, California, in 2003. He has not engaged in further education since then, but has learned on-the-

job skills such as mechanical repair of boats and cars. Bauwens's employment record is thoroughly detailed in the PSR, showing that Bauwens has had full-time employment from 2004 up to his arrest in this matter.

## IV. Sentencing Options

18 U.S.C. § 3553(a)(3) directs the Court to consider the kinds of sentences available in making the sentencing decision. The sentences available in this case are as follows:

- A. A statutory sentencing range of 5 to 20 years imprisonment. 18 U.S.C. §§ 2252A(a)(2)(A)); *see also* PSR ¶86.

- B. A term of supervised release of five years to life. 18 U.S.C. § 3583(k); *see also* PSR ¶90.

- C. Based on a total offense level of 31 and a criminal history category of I, the advisory guideline range is 108 to 135 months. PSR ¶87.

- D. A non-guideline sentence subject to the mandatory minimum of 60 months.

## V. Argument

Counsel for Bauwens argues that the Court should impose the mandatory minimum sentence of 60 months. The mandatory minimum term of imprisonment is more than sufficient to meet the statutory objectives of sentencing found in section 3553(a). Notably, the government is also recommending the mandatory minimum sentence. Docket No. 12, Plea Agreement at ¶21.

Though counsel noted above that this case has a run-of-the-mill set of facts, this case is also an illustration of how one-size-fits-all justice might not always apply. Factually, Bauwens has one of the smaller numbers of images in recent memory, just five videos and 33 images. PSR ¶34. At 75 images per video, that adds up to 408 images in total. The Court commonly sees cases with images numbers far higher than that. No number is good, of course, but Bauwens's number is nearer the low-end of the scale.

In further factual arguments, it bears noting that this is not a contact offense. There is no hint that Bauwens ever had any inappropriate sexual contact with anyone, adult or underage, now or in the past. This is not a production offense, but one of viewing and sharing on the internet. Finally, while a continuing offense (Bauwens wasn't arrested after his very first day online), this is not a repeat offense, as Bauwens has no similar prior convictions. Overall, the facts of the case would support arguments for a sentence below 60 months.

Relying on his history and characteristics, Bauwens would also be a good candidate for a sentence below the mandatory minimum. He has only one prior law violation, that being a 2008 DUI from California, which by now is old and obviously unrelated to the offense or his current life. Bauwens has an excellent work history, as the PSR shows that he has always held full-time employment for

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

6

Case 1:20-cr-00120-WCG   Filed 03/18/21   Page 6 of 10   Document 22

the past 17 years. He has mechanical aptitude, as he can work with tools and work with his hands. He has the love and support of his mother and long-term girlfriend, neither of whom are going to give up on him. All of those attributes have served him well in the past, and will serve him well again in the future.

Counsel could use this information to argue for a sentence of less than 60 months, but advocacy on behalf of Bauwens is limited by the mandatory minimum sentence. Since five years is the lowest legal sentence, five years becomes the goal for sentencing advocacy on Bauwens' behalf.

The PSR finds the advisory guideline range to be 108-135 months. PSR ¶87. Counsel does not object to the PSR's calculations and the resulting range, but counsel does object to the Guideline Manual's implied conclusion that a sentence within the advisory range would constitute just punishment for the offense. As is often the case in child pornography offenses, many common specific offense characteristics apply. When the same characteristics apply all the time, specific offense characteristics are no longer specific. They become general offense characteristics that apply in every similar case, which then means that they do nothing to separate defendants on the guideline scale.

Bauwens has zero criminal history points which places him in criminal history category I. The offense level, therefore, entirely drives the

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

guideline range. After acceptance of responsibility, the PSR finds Bauwens's offense level to be 31, resulting in a range of 108-135 months. PSR ¶¶42, 87. Of those 31 offense level points, counsel suggests that at least four points apply nearly all of the time, resulting in Bauwens's guideline range being inflated. Specifically, the increase for images of a minor under the age of 12 applies in 94.3% of cases, and the use of a computer increase applies in 95.8% of cases.[1] Taking off only four points (those that apply over 94% of the time) would result in a range of 70-87 months (27/I). Because the guideline range is driven by the offense level, even small changes bring the advisory range closer to the mandatory minimum sentence of 60 months.

Since his release in Arizona in August 2020, Bauwens has been painstakingly careful about following his terms of pretrial release. He has lived in fear of making the slightest mis-step, and therefore he has not put a foot wrong during all that time. That's a good predictor of his performance during the term of supervision that will follow his time in custody.

---

[1] Percentages found in *Use of Guidelines and Specific Offense Characteristics*, Fiscal Year 2019, pages 44-45, *available at* https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/guideline-application-frequencies/2019/Use_of_SOC_Guideline_Based.pdf.

Congress set the mandatory minimum sentence for this crime, so by definition a sentence at the mandatory minimum would provide respect for the law. Bauwens himself is certainly deterred, and a sentence of 60 months may provide some measure of deterrence to similarly situated others, though how much deterrence would come from Bauwens's actual sentence is unknown.

Bauwens's crime is a computer crime, not a hands-on offense. He has no history of violence or of hands-on offending, so his danger to the public is addressed by the mandatory minimum sentence. To the extent that he could be a danger to the public after release, Bauwens will be on supervision for at least five additional years with a variety of conditions, all of which are designed to ensure he does not repeat his behavior. More specifically, based on his performance on pretrial release, Bauwens himself will make sure that he doesn't repeat his behavior.

## VI. Conclusion

Therefore, based on the above grounds and upon those to be presented orally at the sentencing hearing, counsel for Bauwens respectfully requests that the Court impose the mandatory minimum term of imprisonment of 60 months. Counsel further requests that the Court impose the mandatory minimum term of supervision, which is also 60 months. Counsel requests that the

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

9

Case 1:20-cr-00120-WCG Filed 03/18/21 Page 9 of 10 Document 22

Court decline to impose a fine or any additional assessments, as Bauwens has no ability to pay. PSR ¶98. No restitution has been requested. PSR ¶¶26, 99. Counsel requests that the Court allow Bauwens to self-report at the direction of the Bureau of Prisons, and that the judgment include a recommendation for placement at FCI Sandstone.

Dated at Green Bay, Wisconsin, March 18, 2021.

Respectfully submitted,

**s/ Tom Phillip**
Tom Phillip, Bar #1023113
Attorney for Dale L. Bauwens
Federal Defender Services of Wisconsin, Inc.
801 E. Walnut Street, Second Floor
Green Bay, Wisconsin 54301
Tel:   920-430-9900
Fax: 920-430-9901
tom_phillip@fd.org

N:\Cases-Open\A-B\Bauwens II, Dale L. - 20-126\Sentencing\Sent MemoFINAL.docx